```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 FREDIT ANTONIO AMAYA,

                     Plaintiff,              MEMORANDUM & ORDER
                                               20-CV-4616(EK)

         -against-

 MICHAEL BORGEN, et al.,

                     Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Fredit Antonio Amaya seeks judicial review of the U.S. Citizenship and Immigration Services' ("USCIS") denial of his application for adjustment of status. Before the Court is the Defendants' motion to dismiss. For the reasons that follow, the motion is granted.

## I. Background

        Plaintiff is an El Salvadoran national who entered the United States without inspection in 1997. Complaint ¶ 7, ECF No. 1. In 2001, he secured Temporary Protected Status (TPS). *Id.* ¶ 8. TPS "provides humanitarian relief to foreign nationals in the United States who come from specified countries, protecting them from removal and authorizing them to work here for as long as the TPS designation lasts." *Sanchez v. Mayorkas*, 141 S. Ct. 1809, 1811-12 (2021) (cleaned up) (citing 8 U.S.C. § 1254a). After securing TPS, Plaintiff traveled out of the

country on occasion, as authorized by 8 U.S.C. § 1254a(f)(3); and he was admitted *with* inspection, as a result, on each one of these trips. Compl. ¶ 10.

In 2019, Amaya applied for adjustment of status to permanent residence. *Id.* ¶ 21. His application was initially denied by USCIS in October 2019. *Id.* ¶ 23. The agency determined that Amaya was ineligible for adjustment of status due to his initial entry without inspection and his failure to maintain lawful immigration status from 1997 through 2001. *Id.* In November 2019, Plaintiff moved for reconsideration of this decision; the agency denied reconsideration in July 2020. *Id.* ¶¶ 24, 25.

Amaya filed this suit in September 2020, seeking review under the Administrative Procedures Act ("APA") of USCIS's denial of his application for adjustment of status. In October 2020, USCIS withdrew the July 2020 decision denying reconsideration of his permanent residency application and issued a new, more comprehensive decision denying (once again) the application for adjustment of status. At the same time, the agency certified Amaya's application to USCIS's Administrative Appeals Office ("AAO") for "review and issuance of a final decision." ECF No. 28-1.

## II. Discussion

The Court's ability to entertain this action hinges on whether there has been final agency action or whether, alternatively, the certification of Plaintiff's application to the AAO renders the agency's action non-final. Under the APA, federal courts may review "final agency action for which there is no other adequate remedy in a court[.]" 5 U.S.C. § 704. In determining whether the agency's action is final, "[t]he core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992).[1]

Reopened decisions are "typically . . . non-final . . . especially in the immigration context." *Mantena v. Hazuda*, No. 17-CV-5142, 2018 WL 3745668, at *6 (S.D.N.Y. Aug. 7, 2018) (collecting cases). For example, in *6801 Realty*, *supra* note 1, the Second Circuit affirmed the district court's

---

[1] The question of whether final agency action is a jurisdictional requirement remains open in the Second Circuit. *See Sharkey v. Quarantillo*, 541 F.3d 75, 87–88 (2d Cir. 2008). The Court of Appeals declined to resolve that question in *6801 Realty Co., LLC v. United States Citizenship & Immigr. Servs.*, 719 F. App'x 58, 59 n.1 (2d Cir. 2018), holding that the "final agency action" requirement implicates another threshold, non-merits inquiry — that of "statutory standing" — that can properly be addressed before Article III standing. *Id.* Statutory standing concerns whether a plaintiff "has a cause of action under the statute." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016). As in *6801 Realty*, I decline to reach the Article III question, finding instead that Plaintiff lacks statutory standing (at least) to bring this case.

conclusion that USCIS's decision was "non-final" because "[t]he reopening was not an informal revision that offered a mere possibility of success; USCIS actually reopened the decision and actively sought new evidence." 719 F. App'x. at 60; *see also Quintanilla v. Wolf*, No. 20-CV-4944, 2021 WL 4350346, at *1 (N.D. Ill. Sept. 20, 2021) (dismissing suit for lack of final agency action where underlying application had been certified to the AAO).

As in *6801 Realty* and *Quintanilla*, the agency's action here constitutes more than a mere "informal revision." Certification to the AAO is relatively rare; here, USCIS certified the question to the AAO for final decision only after laying out the complicated analysis concerning when a petitioner with TPS is deemed "admitted" for purposes of adjustment of status under 8 U.S.C. § 1255. *See* ECF No. 28-1. The October 2020 decision certified for AAO review discussed the complex interaction between Sections 244(f)(3), 245(a), 245(c)(2), and 245(k) of the Immigration and Nationality Act in this context at some length. *See generally id.* In addition, the government has represented that the desire for higher-level consideration of these issues was prompted, in significant part, by the turnover in administration personnel and the (then-existing) lack of a Senate-confirmed director of the agency. *See* ECF No. 24-1 ¶¶ 4-9 (declaration of Amanda Baran, Chief of the Office of Policy

and Strategy at USCIS). Indeed, USCIS has been "actively considering" the issues implicated in Plaintiff's case, but "without a Senate-confirmed" director, had been unable to "finalize its position." *Id.* ¶ 8. With a newly installed director, the agency intends to "fully consider" Plaintiff's case. *Id.* ¶ 9.

Plaintiff argues that an out-of-circuit case, *RLEX, Inc. v. Baran*, militates in favor of finding finality. 397 F. Supp. 3d 41 (D.D.C. 2019). *RLEX*, which did not involve an AAO referral, is distinguishable in that the agency failed there to offer any reason for reopening the petition, leaving the impression that the reopening occurred solely in response to the plaintiffs' lawsuit. 397 F. Supp. 3d at 52.

Plaintiff also argues that *Matter of Z-R-Z-C-*, Adopted Decision 2020-02 (AAO Aug. 20, 2020) preordains his application's denial. This argument, too, is unavailing. As both parties concede, the AAO has the power withdraw or reconsider that decision.[2]

---

[2] Plaintiff also argues that the agency failed to follow its own policies in violation of *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) when it (1) reconsidered his application without affording Plaintiff the opportunity to file a brief, *see* 8 CFR § 103.5(a)(5), and (2) certified its decision without articulating the "unusually complex or novel issue of law or fact." USCIS Policy Memorandum, PM-602-0087(July 2, 2013). This argument is not correct. First, there is no indication that USCIS was required to offer Plaintiff the opportunity to submit a brief, given that its reopening of his motion for reconsideration resulted in a favorable decision on that motion. *See* 8 CFR § 103.5(a)(5). Second, the agency plainly

5

## III. Conclusion

For the foregoing reasons, Defendants' motion is granted. Plaintiff's complaint is dismissed without prejudice to its renewal once the AAO issues a final decision.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    December 10, 2021
           Brooklyn, New York

---

articulated the complexity of Plaintiff's application in the decision it attached to its Notice of Certification.